FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN R., | No. 2:20-CV-0382-JAG |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 24. Attorneys Karl E. Osterhout and Christopher H. Dellert represent Alan R. (Plaintiff); Special Assistant United States Attorney Lars Joseph Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS**

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in January 2018, alleging disability since October 31, 2011, due to anxiety, depression, brain injury, cognitive disabilities, neck and back pain, and epilepsy. Tr. 208, 220, 244. Plaintiff later amended his alleged onset date to March 15, 2017. Tr. 15, 40, 378. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on October 17, 2019, Tr. 37-60, and issued an unfavorable decision on November 19, 2019, Tr. 15-29. The Appeals Council denied Plaintiff's request for review on August 27, 2020. Tr. 1-6. The ALJ's November 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 19, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in October 1984, Tr. 220, and was 32 years old on the amended alleged disability onset date, March 15, 2017, Tr. 378. Tr. 28. He completed school through the 10th grade, had not earned a GED, and has past work as a group leader, management trainee, waiter, shoes salesperson, fountain server, cook, fast-food service manager, and clothing salesperson. Tr. 27, 54, 55, 245-246. Plaintiff's disability report indicates he stopped working on March 15, 2017, because of his conditions. Tr. 245. He testified at the administrative hearing he stopped working because his last job "got to be too much for [him] to handle" and he "just couldn't do it." Tr. 45-46. Plaintiff explained he shuts down. Tr. 49.

Plaintiff described his mental health as "a little anxious," but indicated he was not a depressed person. Tr. 50. He also stated he had headaches that had been controlled with medications, but when he stopped taking Topamax after having

developed a kidney stone, the headaches returned. Tr. 51-52. He testified his headaches continued to flare up a total of six months during a 12-month period. Tr. 52. Plaintiff additionally experienced hallucinations from one of his medications, but the hallucinations had not occurred recently. Tr. 50-51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v.*

*Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 19, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 15, 2017, the amended alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: seizure disorder, mild degenerative changes of the cervical spine, mild degenerative disc disease in the lumbar spine, remote history of subdural hematoma occurring in 2011, headaches, depression, and anxiety. Tr. 18.

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform medium exertion level work with the following limitations: he could not climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to noise, vibration, and respiratory irritants and all exposure to unprotected heights, dangerous moving machinery, power tools, or working in or

near open water; he was able to understand, remember, and carryout simple, routine, and repetitive tasks where he would not have to learn new tasks on a regular basis; he was capable of maintaining concentration, persistence, and pace on those simple type of tasks for two-hour intervals between regularly scheduled breaks; he could complete an eight-hour workday; he must avoid the public; and he would need a predictable environment with seldom change and additional time to adapt to any changes (defined as 10 percent longer than the average employee). Tr. 20.

The ALJ found at step four that Plaintiff was not capable of performing his past relevant work. Tr. 27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of auto detailer, kitchen helper and laundry worker. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 15, 2017, the alleged onset date, through the date of the ALJ's decision, November 19, 2019. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff argues the ALJ erred by failing to include or explain the exclusion of limitations opined by the state agency's psychological consultants in the RFC finding, resulting in a step five decision that is not supported by substantial evidence. ECF No. 19 at 2.

///

///

# DISCUSSION

**A.  RFC Determination**

Plaintiff contends the ALJ's RFC assessment is flawed in this case because although the ALJ found the opinions of Jan L. Lewis, Ph.D., and John D. Gilbert, Ph.D., persuasive, she omitted some of the limitations assessed by these medical professionals from her ultimate RFC determination. ECF No. 19 at 5-13.

Defendant responds that the ALJ reasonably interpreted Dr. Lewis's and Dr. Gilbert's findings regarding Plaintiff's ability to concentrate, persist, and maintain a competitive pace and to perform simple tasks. ECF No. 24 at 6-10. Defendant argues the ALJ reasonably considered their assessments as a whole and translated those assessments into a succinct RFC determination. *Id*. at 10.

It is the ALJ's responsibility to formulate an RFC determination that is based on the record; however, the RFC assessment need not exactly match the opinion or findings of any particular medical source. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains substantial evidence").

Reviewing state agency psychological consultant Jan L. Lewis, Ph.D., opined on June 10, 2018, that Plaintiff had the ability to understand, remember, and carry out simple 1-3 step instructions as well as some more complex detailed tasks on a limited basis but sustained concentration, persistence and pace would wax and wane due to symptoms interference. Tr. 71-72, 86-87. On October 10, 2018, John D. Gilbert, Ph.D., reviewed the record and concurred with Dr. Lewis' findings but elaborated that Plaintiff "remains able to complete an 8 hr workday and a 40 hr workweek" notwithstanding his symptoms. Tr. 102-103, 118-119. As discussed by Defendant, ECF No. 24 at 7, Drs. Lewis and Gilbert also specifically found Plaintiff "not significantly limited" in the areas of ability to carry out very short and simple instructions; ability to perform activities within a schedule,

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

maintain regular attendance and be punctual within customary tolerances; ability to sustain an ordinary routine without special supervision; and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 71, 86, 102-103, 118.

The ALJ also found persuasive the opinion of examining psychologist Jameson C. Lontz, Ph.D.  Tr. 25, 509-519.  Dr. Lontz opined that Plaintiff was capable of gainful employment and strongly encouraged Plaintiff to return to gainful employment in some capacity.  Tr. 515.

The ALJ additionally mentioned other evidence of record reflecting Plaintiff was alert and oriented with normal attention span and concentration.  Tr. 25, 27, 890, 1011, 1016, 1041.  Plaintiff has not challenged the opinion of Dr. Lontz or this additional evidence of record.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Rather, Plaintiff argues the ALJ erred by not including in the RFC determination the findings of Drs. Lewis and Gilbert that Plaintiff would be limited to simple 1-3 step instructions and that Plaintiff's concentration, persistence and pace would wax and wane.  ECF No. 19 at 9.  However, the Court agrees with Defendant's assertion that there is no precedent providing the ALJ must adopt a persuasive medical opinion verbatim in the RFC assessment.  *See* ECF No. 24 at 8.  Instead, the ALJ considered and weighed the evidence of record and specifically held the limitations assessed by the persuasive opinion evidence was accounted for in the RFC determination by restricting Plaintiff to simple routine tasks that would not involve the need to learn new tasks and are "simple," providing scheduled breaks, providing additional time in those rare instances where new tasks were required, placing Plaintiff in a predicable environment with seldom change (and additional time to adapt to any changes defined at 10 percent longer than the

///

average employee), and where tasks are rote and routine so "to-do" lists, calculators, etc. are not needed. Tr. 25, 27.

The Court finds the ALJ reasonably interpreted the evidence of record, adequately incorporated the findings of Drs. Lewis, Gilbert and Lontz, and formulated a succinct RFC determination based on the persuasive opinion evidence. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (holding the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC). The ALJ's RFC determination is supported by substantial evidence and free of error.

**B.    Step Five**

Plaintiff contends the ALJ's Step Five determination is not supported by substantial evidence. Defendant asserts the ALJ's Step Five finding is properly supported.

At Step Five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Commissioner considers the claimant's RFC, age, education, and work experience in order to determine if the claimant is able to perform a job in the national economy. 20 C.F.R. § 416.920(a). The ALJ may also rely on the testimony of a vocational expert for information on what occupations a claimant can perform given his or her RFC. 20 C.F.R. § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff has not demonstrated the ALJ erred with respect to his analysis of the medical opinion evidence of record or that the ALJ's RFC determination is deficient. As discussed above, the Court finds the ALJ's RFC determination is supported by substantial evidence.

///

At the administrative hearing, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of kitchen helper, laundry worker, and automobile detailer.  Tr. 28, 57-58.  Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at Step Five of the sequential evaluation process in this case.

**C.     Harmless Error**

Plaintiff argues the ALJ harmfully erred because the three jobs identified at Step Five require more than 3-step instructions to perform.  ECF No. 19 at 10-13.  Defendant responds that even if the ALJ erred by failing to include the specific limitation that Plaintiff was capable of only 1-3 step instructions in the RFC determination, the error is harmless because there is no apparent conflict between this restriction and the occupations identified by the ALJ at Step Five.  ECF No. 24 at 10.

The Dictionary of Occupational Titles provides six General Educational Development (GED) Reasoning Levels that range from Level One (simplest) to Level Six (most complex).  U.S. Dep't Labor, *Dictionary of Occupational Titles* (DOT), App. C, § III, 1991 WL 688702.  The lowest two levels are:

> Level 1:  Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2:  Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

In the Ninth Circuit, courts have regularly concluded that an ability to perform simple instructions is consistent with GED Level Two Reasoning. *See e.g. Zavalin*, 778 F.3d at 846-847 (finding that Level Two Reasoning is more consistent with limitation to "simple, routine, and repetitive work" than Level Three Reasoning); *Lara v. Astrue*, 305 Fed. Appx. 324, 326 (9th Cir. 2008) ("[S]omeone able to perform simple, repetitive tasks is capable of . . . Reasoning Level 2 jobs."); *Abrew v. Astrue*, 303 Fed. Appx. 567, 569 (9th Cir. 2008) ("[T]here was no conflict between the ALJ's step five determination that [the claimant] could complete only simple tasks and the vocational expert's testimony that [the claimant] could do jobs . . . categorized at 'Reasoning Level 2.'"); *Coleman v. Astrue*, 2011 WL 781930 at *5 (C.D. Cal. 2011) ("[T]he weight of prevailing authority precludes a finding of any inconsistency between a reasoning level of two and a mere limitation to simple, repetitive tasks or unskilled work.").

Moreover, although the Ninth Circuit has held that a restriction to 1-2 step tasks is consistent with GED Reasoning Level One, *see Rounds*, 807 F.3d at 1003-1004 (finding a claimant limited to carrying out simple one or two step instructions corresponds to Level One Reasoning), the limitation in this case would be to 1-**3** step tasks, commensurate with Reasoning Level Two, *see Bannister v. Colvin*, 2016 WL 5141722 at *5 (W.D. Wa. 2016) ("The ability to carry out instructions of three steps or less is not inconsistent with Reasoning Level 2 jobs."); *Hamlett v. Astrue*, 2012 WL 469722 (C.D. Ca. 2012) (correlating Reasoning Level One with one and two step instructions and Reasoning Level Two with three and four-step instructions); *Howard v. Saul*, 2020 WL 7490378 at *3 (D. Nev. 2020); *Ray v. Comm'r of Social Sec. Admin.*, 2019 WL 77432 at *1 (W.D. Wash. 2019). The addition of a third step is consistent with GED Reasoning Level Two.

In this case, all three jobs identified by the ALJ at Step Five, Tr. 28, are GED Reasoning Level Two. *See* DOT at Auto Detailer (DOT #915.687-034); *id.* at Kitchen Helper (DOT #318.687-010); *id.* at Laundry Worker (DOT #361.685-

018).  Consequently, the ALJ identified jobs that are consistent with the ability to perform 1-3 step instructions.  Any error by failing to include the specific limitation that Plaintiff was capable of only 1-3 step instructions in the RFC determination is harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.  Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 24**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 28, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE